UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

DEREK HODGES,                                :
                                             :
        Petitioner,              :    Civ. No. 19-14367 (FLW)
                                             :
  v.                                         :
                                             :
THE ATTORNEY GENERAL OF                      :
THE STATE OF NEW JERSEY,                     :    **MEMORANDUM AND ORDER**
                                             :
        Respondent.             :
_____  :

      Petitioner *pro se*, Derek Hodges ("Petitioner"), a state prisoner currently incarcerated at Northern State Prison, in Newark, New Jersey, seeks to bring a petition for writ of *habeas corpus* under 28 U.S.C. § 2254.  (*See* ECF No. 1.)  A habeas petition must include either a $5.00 filing fee or an application to proceed *in forma pauperis*.  28 U.S.C. §§ 1914(a), 1915(a); Rules Governing § 2254 Cases, Rule 2, 28 U.S.C.A. foll. § 2254.  Petitioner's filing included neither.  Thus, this case is administratively terminated.  Petitioner shall be given an opportunity to reopen this action should he so choose.

      Though not the basis for the present administrative termination, the Court additionally notes other potential problems evident from the face of the habeas Petition.  The Petition does not comply with Rule 2 of the Rules Governing § 2254 Cases, as it includes no supporting facts, does not explain what relief is requested, and is not signed by Petitioner.  *See* Rules Governing § 2254 Cases, foll. 28 U.S.C. § 2254, Rule 2(c).  Furthermore, Petitioner seems to indicate that he has not exhausted potential state remedies, which would preclude any grant of habeas relief.  *See* 28 U.S.C. § 2254(b) & (c).

Furthermore, as Petitioner did not sign the portion of his form Petition including the required notice under *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000), the Court now reiterates the *Mason* notice to Petitioner. Before a District Court may rule on a § 2254 petition from a *pro se* petitioner, it must notify the petitioner that he may either (1) have his petition ruled on as filed, or (2) withdraw the petition and file one all-inclusive § 2254 petition "within the one-year statutory period." *Mason*, 208 F.3d at 418 (internal quotation marks omitted); *see also United States v. Miller*, 197 F.3d 644, 652 (3d Cir. 1999) (same for a § 2255 petition). This notice is required "out of a sense of fairness," because the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") has a restrictive effect on successive habeas petitions. *Mason*, 208 F.3d at 418; *see also Holden v. Mechling*, 133 F. App'x 21, 22 (3d Cir. 2005).

For the reasons noted here, Petitioner may wish to withdraw his Petition and submit one amended, all-inclusive § 2254 Petition. Thus, if Petitioner opts to pay the filing fee or apply to proceed *in forma pauperis*, he may also submit an amended § 2254 habeas petition. Petitioner shall file any filing fee or *in forma pauperis* application, as well as any amended Petition, within 45 days of the entry of this Memorandum and Order.

Therefore, IT IS, on this 2nd day of July 2019,

ORDERED that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case; and it is further

ORDERED that, if Petitioner wishes to reopen this case, he shall, within 45 days of the entry of this order, submit a written request to reopen accompanied by either the $5.00 filing fee or a complete application to proceed *in forma pauperis*; and it is further

ORDERED that, upon receipt of a writing from Petitioner stating that he wishes to reopen this case and either the $5.00 filing fee or a complete application to proceed *in forma pauperis*, the Clerk of the Court will be directed to reopen this case; and it is further

ORDRED that, in conjunction with filing a request to reopen, Petitioner may also file an amended, all-inclusive § 2254 habeas petition; and it is further

ORDERED that the Clerk shall serve upon Petitioner by regular U.S. mail (1) a copy of this Memorandum and Order, (2) a blank form Application to Proceed *in Forma Pauperis* in a Habeas Corpus Case, Form DNJ-ProSe-007-B-(Rev. 09/09), and (3) a blank Petition for Relief from a Conviction or Sentence by a Person in State Custody, Form AO 241 (modified) DNJ-Habeas-008(Rev.01-2014).

*s/Freda L. Wolfson*
FREDA L. WOLFSON
U.S. Chief District Judge