UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEREK HODGES,

    Petitioner,

v.

THE ATTORNEY GENERAL OF
THE STATE OF NEW JERSEY,

    Respondent.

Civ. No. 19-14367 (FLW)

**MEMORANDUM AND ORDER**

    Petitioner *pro se*, Derek Hodges ("Petitioner"), a state prisoner currently incarcerated at Northern State Prison, in Newark, New Jersey, seeks to bring a petition for writ of *habeas corpus* under 28 U.S.C. § 2254. (*See* ECF No. 1.) The Court previously informed Petitioner that a habeas petition must include either a $5.00 filing fee or an application to proceed *in forma pauperis*. 28 U.S.C. §§ 1914(a), 1915(a); Rules Governing § 2254 Cases, Rule 2, 28 U.S.C. § 2254. Because Petitioner's submission included neither, the Court administratively terminated this matter and provided Petitioner with an opportunity to reopen this action. (ECF No. 2.)

    In its previous Memorandum and Order, the Court also noted that the Petition does not comply with Rule 2 of the Rules Governing § 2254 Cases, as it includes no supporting facts, does not explain what relief is requested, and is not signed by Petitioner. *See* Rules Governing § 2254 Cases, 28 U.S.C. § 2254, Rule 2(c). Furthermore, Petitioner seems to indicate that he has not exhausted potential state remedies, which would preclude any grant of habeas relief. *See* 28 U.S.C. § 2254(b) & (c). Petitioner also did not sign the portion of his form Petition including the required notice under *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000), and the Court provided the *Mason* notice to Petitioner. (*Id.*)

On October 28, 2019, Petitioner submitted a letter to the Court explaining that he needs assistance getting his "max date" corrected. (ECF No. 3.) Petitioner has not submitted an application to proceed *in forma pauperis* or the $5.00 filing fee. Nor has he submitted a signed, complete habeas petition that complies with Rule 2.

The Court will provide Petitioner with one final opportunity to submit an application to proceed *in forma pauperis* <u>or</u> the $5.00 filing fee <u>and</u> a signed, complete habeas petition that complies with Rule 2. Plaintiff must submit his *in forma pauperis* application or the $5.00 filing fee and a signed, complete habeas petition within 45 days of the date of this Order; failure to do so will result in dismissal of this action.

Therefore, IT IS, on this <u>9th</u> day of <u>January</u> 2020,

ORDERED that the Clerk of the Court shall mark this matter as OPEN so that the Court may consider Plaintiff's submission; and it is further

ORDERED that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE this case; and it is further

ORDERED that, if Petitioner wishes to reopen this case, he shall, within 45 days of the entry of this order, submit a written request to reopen accompanied by either the $5.00 filing fee or a complete application to proceed *in forma pauperis*; and it is further

ORDERED that, upon receipt of a writing from Petitioner stating that he wishes to reopen this case and either the $5.00 filing fee or a complete application to proceed *in forma pauperis*, the Clerk of the Court will be directed to reopen this case; and it is further

ORDERED that, in conjunction with filing a request to reopen, Petitioner shall also file an amended, all-inclusive § 2254 habeas petition; and it is further

ORDERED that failure to comply with this Court's Order will result in dismissal of this Petition; and it is further

ORDERED that the Clerk shall send Petitioner by regular U.S. mail (1) a copy of this Memorandum and Order, (2) a blank form Application to Proceed *in Forma Pauperis* in a Habeas Corpus Case, Form DNJ-ProSe-007-B-(Rev. 09/09), and (3) a blank Petition for Relief from a Conviction or Sentence by a Person in State Custody, Form AO 241 (modified) DNJ-Habeas-008(Rev.01-2014).

*s/Freda L. Wolfson*
FREDA L. WOLFSON
U.S. Chief District Judge